**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

RONALD MARK DRAUGHN,

    Petitioner,

v.                                            Case No. 10-CV-11143

PATRICIA CARUSO,

    Respondent,
_____/

**ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING THE MOTION FOR ABEYANCE/STAY OF PROCEEDINGS**

Ronald Mark Draughn (Petitioner), presently confined at the Alger Maximum Correctional Facility in Munising, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his sentence on his conviction for second-degree murder,[1] and possession of a firearm in the commission of a felony.[2] Petitioner has also filed a motion for abeyance or to stay the proceedings so that he can exhaust additional claims in the state courts. For the reasons stated below, the petition for writ of habeas corpus is summarily denied. The court will also deny the motion to hold the petition in abeyance.

---

[1] Mich. Comp. Laws § 750.317; Mich. Stat. Ann. 28.549.

[2] Mich. Comp. Laws § 750.227b; Mich. Stat. Ann. 28.424(2).

1

## I. BACKGROUND

Petitioner was convicted of second-degree murder and felony-firearm in the Detroit Recorder's Court.[3] On January 14, 1986, Petitioner was sentenced by the Honorable James E. Roberts to life imprisonment on the second-degree murder conviction and received a consecutive two year prison term on the felony-firearm conviction. Following the affirmance of his conviction on appeal and the denial of state post-conviction relief, Petitioner filed a petition for writ of habeas corpus, which was denied. *Draughn v. Jabe*, 803 F. Supp. 70 (E.D. Mich. 1992) (Gadola, J.), *aff'd* 989 F.2d 499 (Table), No. 92-2216, 1993 WL 76226 (6th Cir. Mar. 17, 1993).

On November 2, 2000, Petitioner filed a second post-conviction motion for relief from judgment in the Wayne County Circuit Court before the Honorable Bruce Morrow, the successor to Judge Roberts. Among the claims that Petitioner raised in his motion is the claim that he currently raises in his current petition. The trial court originally denied Petitioner's post-conviction motion. *People v. Vaughn,* No. 85-005297 (Third Circuit Court, Criminal Division, Jan. 31, 2002).

Petitioner moved for reconsideration of the trial court's decision. In his motion for reconsideration, Petitioner attached an affidavit from Judge Roberts, the judge who sentenced him. In this affidavit, which Petitioner has attached to his current petition as Appendix M, Judge Roberts indicated that at the time he sentenced Petitioner to a parolable life sentence, it was his understanding that this sentence "would give him

---

[3] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 769, n.1 (E.D. Mich. 2003) (citing *Anthony v. Michigan*, 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999)).

2

more control over being released in the earliest time possible authorized by the statute; which was 10-years [sic]." Judge Roberts claimed that his sentence was based upon Petitioner being given a favorable prognosis for rehabilitation from the clinical report, along with other positive indicators. Judge Roberts indicated that at the time of sentence, he believed that a parolable life sentence was more favorable to Petitioner than a "number of years." Judge Roberts specified that it was his intent to afford Petitioner an opportunity to be released on parole within the minimum amount of time that the law allowed Petitioner to be paroled from a life sentence, namely, ten years. Judge Roberts stated that had he known that Petitioner would have to serve more than 10 years in prison and still not be considered eligible for parole, he would not have sentenced him to life in prison. Judge Roberts indicated that it was his opinion that Petitioner should have been paroled by now. Judge Roberts indicated that Petitioner should be resentenced in accordance with his original intent (that Petitioner serve only ten years in prison).

Based on Judge Roberts' affidavit, along with remarks made by Judge Roberts at the sentencing, Judge Morrow ordered that Petitioner be resentenced. *People v. Vaughn,* No. 85-005297 (Third Circuit Court, Criminal Division, May 30, 2007).[4]

The prosecutor appealed the resentencing decision to the Michigan Court of Appeals. The Michigan Court of Appeals reversed the trial court's decision to order a resentencing in this case, finding that the trial judge's misunderstanding as to when Petitioner would be granted parole did not render the life sentence invalid under

---

[4] *See* Petitioner's Appendix H.

Michigan law. *People v. Draughn,* No. 279041 (Mich. Ct. App. Aug. 1, 2007).[5] The Michigan Supreme Court denied leave to appeal. *People v. Draughn*, 747 N.W.2d 266 (Mich. 2008). Petitioner moved for reconsideration, which was denied. *People v. Draughn*, 755 N.W.2d 628 (Mich. 2008) (Kelly, J. would grant reconsideration and grant resentencing).

On November 17, 2008, Petitioner filed with the United States Court of Appeals for the Sixth Circuit a request for permission to file a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(b)(3)(A). In his second petition, Petitioner claimed that the sentencing judge sentenced him to life imprisonment on the second-degree murder conviction based on a misconception of the law and erroneous information. On January 25, 2010, the United States Court of Appeals for the Sixth Circuit ruled that it was unnecessary for Petitioner to obtain permission to file a successive petition and transferred the petition for writ of habeas corpus to this court for filing. *See In re Draughn*, No. 08-2500 (6th Cir. Jan. 25, 2010).

Petitioner now seeks habeas relief on the following ground:

The sentencing court issued Petitioner a life sentence based on a misconception of law, erroneous information, and a misunderstanding of the effect of the sentence rendered to the Petitioner.

## II. DISCUSSION

### A. The Sentencing Claim

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the

---

[5] *See* Petitioner's Appendix I.

face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999); *see also* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, this court concludes, for reasons stated in greater detail below, that Petitioner's resentencing claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).[6]

---

[6] This court agrees with the Sixth Circuit's ruling that Petitioner does not need to obtain permission from that court in order to file the petition in this case. Petitioner is challenging a resentencing decision by the state courts. Where a claim originates at resentencing which could not have been challenged in the first habeas petition or post-conviction motion, any subsequently filed habeas petition or post-conviction motion which challenges the resentencing decision is not considered a second or successive petition or post-conviction motion for which prior authorization is required, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Lang v. United States*, 474 F.3d 348, 352-53 (6th Cir.

5

Petitioner contends that his sentence of life imprisonment for his second-degree murder violates the Due Process Clause, because when the trial judge imposed the life sentence, he did it with the expectation that Petitioner would be paroled as soon as he became eligible for parole release, which at the time of Petitioner's conviction and sentence was ten years.

A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. 736, 741 (1948) (stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law). In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F.2d 343, 345-46 (6th Cir. 1974); *Welch v. Burke*, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999). When a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing the sentence, the claim is without merit. *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

In *United States v. Addonizio*, 442 U.S. 178 (1979), the Supreme Court held that post-sentencing changes in the guidelines of the U.S. Parole Commission, which resulted in a longer minimum term of imprisonment than intended by the trial judge in imposing sentence, did not provide a basis for the defendant to collaterally attack his

---

2007).

sentence pursuant to 28 U.S.C. § 2255. The Supreme Court indicated that "there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." *Id.* at 187. Thus, a sentence imposed by a judge in reliance upon assumptions concerning parole that are frustrated by subsequent actions of the Parole Commission is not based upon "misinformation of a constitutional magnitude." *Id.* The Supreme Court further held that a judge "has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term." *Id.* at 190; *see also Quintero v. United States*, 947 F. 2d 845 (Table), No. 91-1304, 1991 WL 224078, at *4 (6th Cir. Oct. 31, 1991) (following *Addonizio* and ruling that a miscalculation of the minimum sentence required for parole eligibility does not invalidate the sentence because the judge had no enforceable expectations about the release date). Pursuant to the holding in *Addonizio,* the subjective intent of the sentencing judge, expressed years after the sentence was imposed, "provides a questionable basis for testing the validity of his judgment." *See United States v. Taylor*, 768 F.2d 114, 121 (6th Cir. 1985) (federal defendant not entitled to reduction of sentence based on the frustrated intent of the sentencing judge).

Therefore, a claim that a sentence violates a defendant's due process rights is foreclosed where the alleged misinformation consists of an incorrect prediction by the sentencing judge as to how a parole board would exercise its discretion. *See United States v. Schifano*, 748 F. Supp. 172, 175 (S.D.N.Y. 1990). Indeed, several judges in this district have rejected the identical claim raised by Petitioner. *See Maile v. Lafler*, No. 04-CV-74806-DT, 2006 WL 229876, at *7-8 (E.D. Mich. Jan. 30, 2006) (Tarnow, J.);

*Foster-Bey v. Rubitschun*, No. 05-71318, 2005 WL 2010181 (E.D. Mich. Aug. 18, 2005) (Edmunds, J.). As the court explained in *Foster-Bey*, a sentencing judge's assumptions that parole procedures will not change is "not an error that creates a due process violation" because the procedures are "consistently altered" and "there is no assurance that a person, after his conviction and sentence, will ever satisfy the substantive requirements necessary for parole." *Foster-Bey*, 2005 WL 2010181, at *6. Petitioner is not entitled to habeas relief on his claim.

### B. Motion to Hold the Petition in Abeyance

Petitioner has also filed a motion to hold the petition in abeyance so that he can exhaust several claims which remain pending before the state trial court on his pending motion for reconsideration of the denial of these claims by the state court. Petitioner wishes to ultimately amend his habeas petition to add these claims upon the completion of his state post-conviction proceedings.

The court will deny the motion to hold the petition in abeyance pending the exhaustion of these additional claims because Petitioner has not received authorization from the Sixth Circuit to file a successive petition for writ of habeas corpus challenging these claims in federal court. As mentioned above, Petitioner has previously been denied habeas relief with respect to his conviction.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive

8

post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

A federal court is without jurisdiction to enter a stay of proceedings in connection with a successive habeas petition absent express authorization by the applicable court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Alley v. Bell*, 392 F.3d 822, 833 (6th Cir. 2004); *see also Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002). Moreover, this court would lack jurisdiction to allow Petitioner to file an amended habeas petition which added these successive habeas claims, in the absence of a pre-filing authorization from the Sixth Circuit. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Accordingly, the court will deny the motion for abeyance without prejudice to Petitioner's ability to seek permission from the Sixth Circuit to file a successive habeas petition once Petitioner has exhausted these additional claims in the state courts.

### C. Certificate of Appealability

The court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.

### III. CONCLUSION

Accordingly, the court DISMISSES WITH PREJUDICE the petition for writ of habeas corpus [Dkt. # 1].

IT IS FURTHER ORDERED that the motion to hold the petition in abeyance [Dkt. # 6] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2010, by electronic and/or ordinary mail.

  S/Deborah J. Goltz
Case Manager